IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-17-D
No. 5:14-CV-62-D

| | |
|---|---|
| JIMMY THOMAS SASSER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On February 5, 2014, Jimmy Thomas Sasser ("Sasser") moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [D.E. 46]. On April 22, 2014, the government moved to dismiss Sasser's motion [D.E. 52]. On May 20, 2014, Sasser responded in opposition [D.E. 57]. As explained below, the court grants the government's motion to dismiss and dismisses Sasser's section 2255 motion.

I.

On January 23, 2012, the government charged Sasser by criminal information with (1) conspiring to make false statements and to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 371 (count one); (2) committing wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2 (count two); and (3) retaliating against a witness, victim, or informant or attempting to do so, in violation of 18 U.S.C. § 1513 (count three) [D.E. 13]. On February 21, 2012, Sasser waived his right to indictment [D.E. 22] and pleaded guilty, pursuant to a plea agreement [D.E. 23], to all three counts. See [D.E. 21]; Arraignment Tr. [D.E. 58] 34–40.

On February 20, 2013, at Sasser's sentencing hearing, the court sentenced Sasser to 48 months' imprisonment on each count, to run concurrently [D.E. 42, 44]. The court also ordered Sasser to pay $21,045,906 in restitution. Id. Sasser did not appeal.

In his section 2255 motion, Sasser makes two claims. First, Sasser contends that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney did not sufficiently explain to the court the circumstances surrounding Sasser's witness-retaliation charge or convince the court to dismiss that charge, did not move to suppress unidentified evidence that "was damaging to [Sasser]," and did not negotiate a sufficiently favorable plea agreement. See [D.E. 46] 4; Resp. Opp'n Mot. Dismiss [D.E. 57] 1–2. Second, Sasser contends that the restitution amount is "unfounded" and should be reduced. See [D.E. 46] 6. In response, the government moves to dismiss Sasser's motion for failure to state a claim upon which relief can be granted. See [D.E. 52]; Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss

2

into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Sasser's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to the effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused prejudice to the individual. See Strickland, 466 U.S. at 687; see also Frye, 132

S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Sasser complains that his counsel did not sufficiently explain to the court the circumstances surrounding Sasser's witness-retaliation charge or convince the court to dismiss that charge. Sasser acknowledges that he made a threatening phone call to a cooperating informant in his case, but contends that the phone call was not retaliatory. See Resp. Opp'n Mot. Dismiss 1–2. Sasser's claim fails because it necessarily relies on allegations that contradict his sworn statements during the Rule 11 colloquy. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). During the Rule 11 colloquy, Sasser assured the court that he understood the charge in count three: that Sasser "did threaten to cause bodily harm to . . . a cooperating defendant" and "did so with the intent to retaliate against [the cooperating defendant] for information relating to the commission and possible commission of federal offenses . . . ." Arraignment Tr. 27–28. After giving that sworn assurance, Sasser knowingly and voluntarily pleaded guilty to that charge and acknowledged that he had "do[ne] what's charged in Count Three." Id. at 39. Sasser's admission of guilt was accompanied by a government proffer of evidence providing an independent factual basis for the

4

plea. See id. at 42–44. Accordingly, Sasser cannot now maintain that he did not actually engage in the conduct underlying the charge in count three, or that his attorney was ineffective for failing to suggest as much to the court.

Next, Sasser complains that his counsel did not move to suppress evidence "which may have been and now we know was damaging to [Sasser]." Resp. Opp'n Mot. Dismiss 1. Sasser does not identify the evidence he contends should have been suppressed or explain why it should have been suppressed. Accordingly, he has failed to plausibly allege that his counsel was constitutionally ineffective for failing to file a motion to suppress. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009).

Finally, Sasser complains that his attorney did not negotiate a sufficiently favorable plea agreement. Sasser would have preferred a plea agreement in which the government agreed to support a base offense level of 24, a criminal history category of I, offense-level reductions for being a minor participant and for acceptance of responsibility, and eligibility for the "safety valve." See Resp. Opp'n Mot. Dismiss 1. In Sasser's plea agreement, the government agreed to support an offense level of 26 and a 3-level reduction for acceptance of responsibility. Plea Agreement [D.E. 23] ¶ 5. The plea agreement did not address Sasser's criminal history category or whether Sasser was a minor participant. Sasser does not plausibly allege that more favorable terms would have been available to him had his counsel negotiated more aggressively, much less that his counsel's failure to negotiate the particular terms Sasser would have preferred was objectively unreasonable. Accordingly, Sasser's ineffective-assistance claim fails. See, e.g., Knowles, 556 U.S. at 123–28.

As for Sasser's claim that the restitution amount is "unfounded" and should be reduced, the appellate waiver in Sasser's plea agreement bars this claim. In his plea agreement, Sasser agreed "to

5

Case 5:12-cr-00017-D   Document 60   Filed 10/08/14   Page 5 of 7

waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement [D.E. 23] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). At his Rule 11 hearing, Sasser affirmed that he had read and discussed his plea agreement with his lawyer and, after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Arraignment Tr. 31–33. Thus, Sasser's waiver was valid. Furthermore, Sasser's challenge to the restitution amount is within the scope of his waiver. In his waiver, Sasser reserved only the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct. Sasser's claim that the restitution amount is unfounded does not fall into either category. Accordingly, the court enforces the waiver and dismisses the claim.

After reviewing the claims presented in Sasser's motion, the court determines that reasonable jurists would not find the court's treatment of any of Sasser's claims debatable or wrong, and that

6

Case 5:12-cr-00017-D   Document 60   Filed 10/08/14   Page 6 of 7

none of the claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 52], DISMISSES Sasser's section 2255 motion [D.E. 46], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 8 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge